UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McCORVEY,<br><br>            Petitioner,<br><br>v.<br><br>SUPERIOR COURT,<br><br>            Respondent. | 1:06-CV-0179-AWI-TAG HC<br><br>REPORT AND RECOMMENDATION<br>TO DISMISS AMENDED PETITION<br>FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 8) |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his original petition filed on February 17, 2006, Petitioner challenged his sentence and claimed that his plea agreement was violated. (Doc. 1).  On April 11, 2006, Petitioner filed a complaint on a civil rights form, making the same allegations contained in his original petition, but also asserting a claim for a money judgment. (Doc. 8).  For purposes of this action, the Court will treat the complaint as an amended petition.

      On April 13, 2006, the Court issued an order granting Petitioner's motion to proceed in forma pauperis, and served the order on petitioner.  (Doc. 9).  On April 20, 2006,  the order served on Petitioner was returned by the U.S. Postal Service as undeliverable.  (Doc. 10).  The envelope stated that Petitioner was "Out of Custody."

      Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the Court advised of his current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a [petitioner] in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days

1  thereafter of a current address, the Court may dismiss the action
2  without prejudice for failure to prosecute.

3  In the instant case, over nine (9) months have passed since Petitioner's mail was returned
4  and he has not notified the Court of a current address.

5  In determining whether to dismiss an action for lack of prosecution, the Court must
6  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
7  Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public
8  policy favoring disposition of cases on their merits; and (5) the availability of less drastic
9  alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
10 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving
11 this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this
12 case has been pending for over twelve (12) months. The Court cannot hold this case in abeyance
13 indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk
14 of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury
15 arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air
16 West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition
17 of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
18 herein. Finally, given the Court's inability to communicate with Petitioner based on Petitioner's
19 failure to keep the Court advised of his current address, no lesser sanction is feasible.

20 Accordingly, the court HEREBY RECOMMENDS that the amended petition (Doc. 8)
21 be dismissed for petitioner's failure to prosecute.

22 This Report and Recommendation is submitted to the Honorable Anthony W. Ishii,
23 United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
24 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
25 California. Within fifteen (15) days after being served with a copy, any party may file written
26 objections with the Court and serve a copy on all parties. Such a document should be captioned
27 "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall
28 be served and filed within ten (10) court days (plus three days if served by mail) after service of

1 the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to
2 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
3 specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951
4 F.2d 1153 (9th Cir. 1991).

6 IT IS SO ORDERED.

7 Dated:   **February 20, 2007**              /s/ Theresa A. Goldner
**j6eb3d**                               UNITED STATES MAGISTRATE JUDGE