# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY MCCORVEY, | ) | 1:06-cv-00179-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | EVIDENTIARY HEARING |
| v. | ) | |
| | ) | (Doc. 3) |
| | ) | |
| SUPERIOR COURT, | ) | |
| | ) | |
| Respondent. | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On February 17, 2006, Petitioner filed the instant petition. (Doc. 1). On March 6, 2006, Petitioner filed a motion for an evidentiary hearing to order the release of documents relevant to his habeas petition. (Doc. 3).

    Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309

(1963)(overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1992)), and limited by 28 U.S.C. § 2254(e)(2); Baja v. Ducharme, 187 F.3d 1075, 1077 (9th Cir. 1999), such a hearing is unnecessary when only issues of law are raised. Hendricks, 974 F.2d at 1103.

In his original petition, Petitioner, convicted of possession and possession for sale of narcotics, alleges "perjury" and "breach of contract" because he purportedly was promised entry into a drug rehabilitation program at "Harbor Light Center" as part of his plea agreement but was subsequently placed in prison. (Doc. 1). On April 11, 2006, Petitioner filed a document on a pre-printed form for a complaint pursuant to 42 U.S.C. § 1983, which lists the same grounds as the original petition but which also asks for monetary damages. (Doc. 8). The Court construes this document as an amended petition. On April 20, 2006, mail was returned to the Court with the indication that Petitioner was "out of custody." (Doc. 10). Accordingly, on February 21, 2007, the Court issued a Report and Recommendation to dismiss the Petitioner for Petitioner's failure to prosecute. (Doc. 11). The time period for objections from the parties is currently running.

Given the foregoing circumstances, the Court has yet to conduct a review of the merits of the petition. Thus, whether or not there exists a factual dispute of the type that would warrant an evidentiary hearing cannot be made at this time. Should this case proceed to a decision on the merits, the Court will conduct a thorough review of Petitioner's contentions, and will, if appropriate, issue a sua sponte order for an evidentiary hearing.

Accordingly, Petitioner's Motion for an Evidentiary Hearing (Doc. 3), is DENIED.

IT IS SO ORDERED.

Dated:   **February 22, 2007**           **/s/ Theresa A. Goldner**
**j6eb3d**                                UNITED STATES MAGISTRATE JUDGE